IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ZALTON EDGAR BROOKS, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | NO. 5:04-CV-116 (CAR) |
| THALRONE WILLIAMS, *et al.*, : | |
| : | |
| Defendants : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

# RECOMMENDATION

Plaintiff ZALTON EDGAR BROOKS is an inmate in the custody of the State of Georgia. He has sued defendants THALRONE WILLIAMS, MS. CHAPMAN, and DAVID FRAZIER alleging that the defendants violated his constitutional rights while he was incarcerated at Rivers State Prison in Hardwick, Georgia. Plaintiff claims that the defendants improperly confined him in isolation for 87 days in retaliation for his filing prison grievances and a divorce counter-claim against his ex-wife. Additionally, plaintiff claims that his confinement in isolation was inhumane in that his cell had a steam leak under the floor which caused the temperature to exceed 83 degrees at all times. Plaintiff also claims he was denied access to the courts.

Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT**. Tab #25. The motion is supported by a brief and deposition. The court advised the plaintiff of said motion and his duty to respond properly thereto. Tab #28. The plaintiff has filed a response to the defendants' motion. Tabs #31-34. In entering this recommendation, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's responses.[1]

---

[1] Also before the court is plaintiff's MOTION FOR APPOINTMENT OF COUNSEL. Tab #35. In light of this Recommendation, said motion is **DENIED**.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

## DISCUSSION
### 1. Respondeat Superior

It is readily apparent to the undersigned that plaintiff is attempting to invoke liability against defendant CHAPMAN based upon the theory of *respondeat superior*. In a properly pled complaint under 42 U.S.C. §1983, a plaintiff must allege that any defendant charged with violating his constitutional rights was either personally involved in violating those rights or that the act or acts complained of was carried out pursuant to an official policy or custom promulgated by the named defendant. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978).

In the case at bar, plaintiff BROOKS fails to allege any causative link between defendant Chapman and the denial of his constitutional rights; that is, he is seeking to impose liability upon defendant Chapman solely because of her position as Deputy Warden of Care and Treatment at Rivers State Prison. Nor does the plaintiff contend that this defendant was responsible for any policy designed to deny plaintiff his constitutional rights. Instead, it appears that plaintiff predicates his claims against defendant Chapman solely upon the theory of *respondeat superior*. Such is not permitted under the law. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Therefore, defendant Chapman is entitled to summary judgment.

---

[2]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## 2. Access To Courts

In his complaint, plaintiff Brooks claims that the defendants denied him access to the courts when they prohibited him from contacting his ex-wife. Plaintiff alleges that because of this prohibition, he was unable to proceed with his divorce counter-claim against his ex-wife.

Prisoners have a constitutional right to a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977) (noting, however, that prisoners need only be given a reasonably adequate opportunity of access, and not perfect access, to the courts; meaningful access to the courts is the touchstone). However, in order to properly raise a claim for denial of access to the courts, the plaintiff must show that he suffered an actual injury in his ability to present a non-frivolous claim to the court. *Lewis v. Casey*, 518 U.S. 343, 352-353 (1996). In other words, *Bounds* requires that inmates be provided with the tools necessary to attack their sentences and conditions of confinement. Any other litigating impairment is merely incidental to confinement and perfectly constitutional. *Id*. at 355.

In the present case, plaintiff does not allege that his divorce counter-claim had anything to do with attacking his sentence or his conditions of confinement. Furthermore, plaintiff admits that despite the defendants' order that he not contact his ex-wife, he continued to send her mail. Tab #30 at 23. Accordingly, the defendants are entitled to summary judgment on this claim.

## 3. Retaliation

Plaintiff claims that the defendants had him placed in isolation in retaliation for his litigating his divorce counter-claim and for being outspoken during inspection.

It is well settled that prison officials are to be afforded wide discretion in the exercise of their duties. *See, e.g., Bell v. Wolfish*, 441 U.S. 520 (1979).  In *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989), the court specifically reiterated that conduct that is not ordinarily offensive to the Constitution will be offensive if done in retaliation for filing lawsuits and administrative grievances.  However, simply crying "retaliation" whenever a prisoner does not agree with or like a decision made by prison officials is insufficient to state a claim for a constitutional violation under § 1983.  Instead, the prisoner must come forward with sufficient evidence to merit continuation of his lawsuit.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995).

In the case at bar, plaintiff Brooks has failed to come forward with any evidence to show a retaliatory motive on the part of the defendants for his confinement in an isolation cell.  By plaintiff's own admission, he was placed in isolation after giving prison officials information on his cell mate. Tab #30 at 30.  Plaintiff also admits that he remained in isolation because he acted out by kicking the cell door, not getting dressed for inspection, and making a mixture of urine and shaving powder to throw on prison officials.  *Id.* at 39-41.  The defendants' decision to keep plaintiff in isolation for his own safety and because of his violent behavior does not amount to retaliatory conduct.  Accordingly, the defendants are entitled to summary judgment on this claim.

### 3. Conditions Of Confinement

Finally, plaintiff claims that he was subjected to cruel and unusual conditions of confinement in that a steam pipe broke under his isolation cell causing the heat to be above 83 degrees at all times.  To prevail on an Eighth Amendment claim for damages under § 1983, a plaintiff must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering; (2) the defendant's deliberate indifference to that condition; and (3) causation.

The first element requires that the condition must have inflicted unnecessary pain or suffering upon the prisoner. Under the second element, a plaintiff must show a defendant's deliberate indifference to the condition. This element contains a subjective component: whether the defendant wantonly permitted the constitutionally infirm condition to persist. To be deliberately indifferent, a prison official must knowingly or recklessly disregard an inmate's basic needs so that knowledge can be inferred. A plaintiff must prove that the official possessed knowledge of the infirm condition and the means to cure that condition so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it. Thus, if an official attempts to remedy a constitutionally infirm condition, but fails in that endeavor, he cannot be deliberately indifferent unless he knows of, but disregards, an appropriate and sufficient alternative. The third element requires proof of an affirmative causal connection between the actions taken by a particular person and the constitutional deprivation. Under this inquiry, the court's duty is to determine whether the official's acts or omissions were the cause, not merely a contributing factor to, of the constitutionally infirm condition. *See LaMarca v. Turner*, 995 F.2d 1526 (11th Cir. 1993).

Contrary to plaintiff's assertions, he was not subjected unconstitutional conditions of confinement. After plaintiff complained about the heat in cell being to high, prison officials checked the boilers in the building and found a steam leak. Once the steam leak was discovered, the boilers in that part of the jail were turned off. By plaintiff's own admission, turning off the boilers made the temperature better in his cell. Tab #30 at 37. The plaintiff was not subjected to cruel and unusual conditions of confinement, and the defendants are entitled to summary judgment on this claim.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #25) be **GRANTED**.  Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 27th day of SEPTEMBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE